AO 106 (Rev. 04/010) Application for Search Warrant          AUTHORIZED AND APPROVED/DATE: *Jasmisa Perry* 11/19/18

**FILED**

# UNITED STATES DISTRICT COURT

### for the

NOV 1 9 2018

WESTERN       DISTRICT OF       OKLAHOMA

CARMELITA REEDER SHINN, CLERK
U.S. DIST COURT, WESTERN DIST. OKLA.
BY _____ DEPUTY

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be search* | ) |
| *Or identify the person by name and address)* | ) |
| The Platinum Express Devices | )    Case No: *MJ-18-600 BMJ* |
| Currently held in the Evidence Room of the | ) |
| FBI Headquarters located at | ) |
| 3301 West Memorial Road | ) |
| Oklahoma City, OK 73134 | ) |

### APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following Property *(identify the person or describe property to be searched and give its location)*:

See Attachment A (attached and incorporated by reference)

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (attached and incorporated by reference)

The basis for the search under Fed. R. Crim.P.41(c) is *(check one or more)*:
- ☒   evidence of the crime;
- ☒   contraband, fruits of crime, or other items illegally possessed;
- ☒   property designed for use, intended for use, or used in committing a crime;
- ☐   a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1343 | Wire fraud |
| 18 U.S.C. § 1028A | Aggravated identity theft |

The application is based on these facts:

See attached Affidavit of Special Agent David Cole, Federal Bureau of Investigation , which is incorporated by reference herein.

- ☒   Continued on the attached sheet(s).
- ☐   Delayed notice of [No. of Days]   days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

_____
*Applicant's signature*

DAVID COLE
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence.

Date: _____11/19/18_____

*Judge's signature*

City and State:   Oklahoma City, Oklahoma

Bernard M. Jones, U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

**PROPERTY TO BE SEARCHED**

The property to be searched is the Platinum Express Devices, which are forensic images

of the devices identified in the chart below:

| Device Number | Custodian/Location | Device Description |
|---|---|---|
| 001 | Pusher | Dell desktop S/N:3HZYPL1 Seagate HDD S/N:5VP4JYEB |
| 002 | Pusher | HP 2000 notebook S/N:5LG3172JLJ HGST HDD S/N:130323TE851749OPGUUL |
| 003 | Lobby | HP laptop S/N:5CG33461M6 HGST HDD S/N:130707TM8414ZG0DGAMS |
| 004 | Charlotte Howard | Toshiba satellite S/N:5C149429Q Toshiba HDD S/N:32MHSZBHS |
| 005 | Mechanic Office | Gateway desktop S/N:DTGEPAA003320045C23000 Seagate S/N:W2ATMDGQ |
| 006 | Justin Foust | Gateway desktop S/N:DTGELAA001342073913000 Seagate HDD S/N:W2AYR3P7 |
| 007 | Sharon Lucas | Toshiba satellite S/N:1C198514K Toshiba HDD S/N:Y1LLS7UXSN19ECA |
| 008 | Danny Lucas | HP pavilion S/N:MXU2240D91 Hitachi HDD S./n:JP294ON0282KZV |
| 009 | Don Green | HP desktop S/N:MXX2390VS6 Seagate HDD S/N:6VPKT9AX |
| 010 | Ryan Morgan | HP 2000 laptop S/N:5CG349422H HGST HDD S/N:131122TM84133THN731H |
| 011 | Justin Foust – Personal | HP laptop S/N:5CB2164Z3P Seagate HDD S/N:S2WGCFS9 |
| 012 | Ryan Morgan | Dell Inspiron 560 ST:432ZDKQ1 Seagate HDD S/N:9VPCRNMV |
| 013 | Don Green | Seagate backup external HDD S/N: NA5JMNW3 |

The Platinum Express Devices are currently located in the evidence room at the FBI

Headquarters in Oklahoma City, located at 3301 West Memorial Road, Oklahoma City,

Oklahoma 73134.

This warrant authorizes the forensic examination of the Platinum Express Devices for the

purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT B**

1.      All records contained on the Platinum Express Devices, described in Attachment A, that relate to violations of 18 U.S.C. § 1343 and 18 U.S.C. § 1028A by Platinum Express and Platinum Express employees and occurring after August 1, 2012, including:

      a.   Records and information relating to Platinum Express's use of Oildex;

      b.   Records and information relating to Platinum Express invoices issued to COI and Chesapeake Energy;

      c.   Records and information relating to payments made by COI and Chesapeake Energy to Platinum Express;

      d.   Records and information relating to services performed by Platinum Express for COI and Chesapeake Energy;

      e.   Records and information relating to Platinum Express payroll;

      f.   Records and information related to the authorized or unauthorized use of Platinum Express credit cards;

      g.   Records and information relating to the purported break-in of the Platinum Express office on or about September 17, 2017; and

      h.   Records and information relating to Platinum Express surveillance cameras.

2.      Evidence of user attribution showing who used or owned the Platinum Express Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.      Records evidencing the use of the Internet to communicate with Oildex, including:

      a.   records of Internet Protocol addresses used; and

    b.  records of Internet activity, including firewall logs, caches, browser history and

cookies, "bookmarked" or "favorite" web pages, search terms that the user

entered into any Internet search engine, and records of user-typed web addresses.

    As used above, the terms "records" and "information" include all of the foregoing items

of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that

can store data) and any photographic form.



THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE PLATINUM EXPRESS DEVICES CURRENTLY HELD IN THE EVIDENCE ROOM OF THE FBI HEAQUARTERS LOCATED AT 3301 WEST MEMORIAL ROAD, OKLAHOMA CITY, OK 73134 | SW No. _____ |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, David Cole, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     This affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— electronic devices and digital storage media—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.   In particular, the requested warrant would authorize the United States to search all computers, computer images, hard drives, and other digital media storage devices imaged or copied by Avansic from Platinum Express, LLC ("Platinum Express") or Platinum Express employees on or about September 17, 2014 (hereinafter the "Platinum Express Devices"), for instrumentalities, fruits, and evidence of violations of 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1028A (aggravated identity theft), as more fully described in Attachment B.

2.     I am a Special Agent with the FBI and have been since July 2014.   I am currently assigned to the Headquarters Office of the FBI in Oklahoma City, Oklahoma.   I have a Bachelor

1

of Arts degree in Business Administration with a concentration in Accounting and a Masters of

Business Administration ("MBA") degree. I am also a licensed Certified Public Accountant

("CPA"). I am currently assigned to the FBI's Oklahoma City Division on Squad 7, which

investigates complex financial crimes, health care fraud, and public corruption. I have received

training and instruction in contract fraud, wire fraud, corporate and securities fraud, mortgage

fraud, financial institution fraud, healthcare fraud, and money laundering. In addition, I have

received training in computer forensics and electronic mail ("e-mail") analysis.   In the course of

conducting or participating in criminal investigations, I have been involved in interviewing and

debriefing witnesses; analyzing bank records and other financial documents; and collecting and

analyzing evidence. I have had the opportunity to participate in various investigations relating to

wire fraud under 18 U.S.C. § 1343.

3.      As a Special Agent, I am authorized to investigate violations of the laws of the

United States and to execute warrants issued under the authority of the United States.

4.      The facts contained in this affidavit come from my personal knowledge and

observation, my training and experience, conversations with other law enforcement officers and

witnesses, and review of documents and records.   This affidavit is intended to show only that

there is sufficient probable cause for the requested warrant.   It does not set forth all of my

knowledge, or the knowledge of others, about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5.      The property to be searched is the Platinum Express Devices, which are forensic

images of the devices identified in the chart below:

2

| Device Number | Custodian/Location | Device Description |
|---|---|---|
| 001 | Pusher | Dell desktop S/N:3HZYPL1 Seagate HDD S/N:5VP4JYEB |
| 002 | Pusher | HP 2000 notebook S/N:5LG3172JLJ HGST HDD S/N:130323TE851749OPGUUL |
| 003 | Lobby | HP laptop S/N:5CG33461M6 HGST HDD S/N:130707TM8414ZG0DGAMS |
| 004 | Charlotte Howard | Toshiba satellite S/N:5C149429Q Toshiba HDD S/N:32MHSZBHS |
| 005 | Mechanic Office | Gateway desktop S/N:DTGEPAA003320045C23000 Seagate S/N:W2ATMDGQ |
| 006 | Justin Foust | Gateway desktop S/N:DTGELAA001342073913000 Seagate HDD S/N:W2AYR3P7 |
| 007 | Sharon Lucas | Toshiba satellite S/N:1C198514K Toshiba HDD S/N:Y1LLS7UXSN19ECA |
| 008 | Danny Lucas | HP pavilion S/N:MXU2240D91 Hitachi HDD S./n:JP294ON0282KZV |
| 009 | Don Green | HP desktop S/N:MXX2390VS6 Seagate HDD S/N:6VPKT9AX |
| 010 | Ryan Morgan | HP 2000 laptop S/N:5CG349422H HGST HDD S/N:131122TM84133THN731H |
| 011 | Justin Foust – Personal | HP laptop S/N:5CB2164Z3P Seagate HDD S/N:S2WGCFS9 |
| 012 | Ryan Morgan | Dell Inspiron 560 ST:432ZDKQ1 Seagate HDD S/N:9VPCRNMV |
| 013 | Don Green | Seagate backup external HDD S/N: NA5JMNW3 |

The Platinum Express Devices are currently located in the evidence room at the FBI's Headquarters in Oklahoma City, located at 3301 West Memorial Road, Oklahoma City, Oklahoma 73134.

## SUMMARY OF THE SCHEME AND PROBABLE CAUSE

6.      From about April 2002 until about September 2011, Justin Foust ("Foust") worked as a Production Foreman for Chesapeake Operating, Inc. ("COI"), a wholly-owned subsidiary of Chesapeake Energy Corporation ("Chesapeake Energy").   COI operated oil and gas wells in which Chesapeake Energy owned a working interest and used third-party vendors to perform work at its well sites.   As a Production Foreman, Foust was privy to COI's procedures

3

for processing vendor invoices for payment.   For example, Foust knew that all invoices submitted by a vendor to COI that contained the signature and unique identification number of an authorized COI employee would be paid without further review.   Foust also knew that invoices under $5,000 only required the approval of a COI Production Foreman before COI's accounting department paid the invoice.

7.      In about July 2011, Foust acquired two water hauling trucks and, along with his wife Crystal Foust, formed Platinum Express, which operated out of Canute, Oklahoma.

8.      In about September 2011, Foust resigned from COI on good terms.

9.      In about October 2011, Platinum Express sought and obtained approval to become a COI vendor.   Thereafter, COI contracted with Platinum Express primarily to haul salt water (the byproduct of the oil and gas extraction process) from COI's well sites to salt water disposal facilities in western Oklahoma.

10.      COI used Oildex, a software company headquartered in Denver, Colorado, to process invoices submitted by third-party vendors for work performed at its oil and gas wells. From at least December 2012 until at least January 2015, Platinum Express used the Internet to electronically submit invoices to COI via Oildex.   Only Foust, Mae Foust (Foust's late mother), Katrina Morgan (Foust's sister), and Joe Ray had user IDs and passwords to upload invoices to Oildex on behalf of Platinum Express.

11.      In order to upload an invoice via Oildex, an individual must log into the software via the Internet and upload portable document format ("PDF") images of an Oildex coversheet, as well as the relevant invoices and work tickets.   The invoices listed the services performed by Platinum Express, the price charged, and included the signature and employee identification number of the COI employee who purportedly authorized payment to Platinum Express.

4

12.     In about August 2014, Colt Carpenter ("Carpenter"), COI's Production Superintendent in Elk City, Oklahoma, conducted a well review and noticed unusually high repair and maintenance expenses at low-producing well sites.   Carpenter reviewed the expenses billed to those wells, and he discovered that Platinum Express had submitted invoices to COI for services Platinum Express did not perform for COI.   For example, COI had paid Platinum Express for cleaning cattle guards, blading lease roads, steam cleaning, dirt berm work, plating trucks, repairing fence, supplying sand separators, and other services that COI did not ask Platinum Express to perform.   In some instances, Carpenter discovered that Platinum Express had submitted invoices to COI at exorbitant prices that exceeded Platinum Express's contractual or standard rate.

13.     In September 2014, COI investigators interviewed Foust. He admitted that Platinum Express had submitted false invoices via Oildex to COI for services Platinum Express had not provided, such as cleaning cattle guards, steam cleaning, and blading lease roads.   Foust denied any knowledge of who had submitted the false invoices to COI.

14.     In total, COI claims that Platinum Express submitted more than 1,200 false invoices for payment, totaling more than $4,000,000.   Each of the false invoices purportedly contained the signature of an authorized COI foreman, along with the foreman's unique employee identification number.

15.     All payments made on the fraudulent invoices were deposited into Platinum Express's corporate bank account at Interbank (Account No. xxx6224).   Justin Foust and Crystal Foust are the only owners of that account, although Danny Lucas, a former Platinum Express employee, had authority to sign checks on the account.

16.     Pursuant to COI's Master Service Agreement ("MSA") with Platinum Express,

5

COI "may, following written notice to Contractor or such subcontractor, examine accounts, invoices, tickets and other documents exclusively related to services performed" for COI.

17.     On September 8, 2014, pursuant to the MSA, COI provided written notice to Platinum Express of its intent to examine the company's records related to services performed for COI.   As part of COI's inspection of the company's records, Foust agreed to allow COI's security team to visit Platinum Express's offices to review surveillance footage and to image the company's computers and electronic storage devices.

18.     On September 10, 2014, COI provided written notice to Foust that the company intended "to obtain a number of documents and electronic information stored on [Platinum Express's] computers and computer storage media."   COI advised Foust and Platinum Express "not to destroy, conceal or alter any paper records, electronic files or other data generated by or stored on any computer or computer system (e.g., hard drives, floppy disks, backup drives, Zip drives, CD's, DVD's, etc.) or any other electronic data such as voicemail, that pertains in any way to services rendered, materials supplied, or any invoices submitted to Chesapeake by Platinum Express, LLC."

19.     COI informed Foust that its security team would visit Platinum Express's office, located at 20835 Route 66 North, Canute, Oklahoma 73626, on September 17, 2014.

20.     In the early morning of September 17, 2014, Foust reported to the Washita County Sheriff's Office that there had been a burglary of the Platinum Express office in Canute, Oklahoma. Foust reported that someone had stolen a laptop computer and a desktop computer from his personal office, as well as two credit cards and two boxes of blank checks.   According to Washita County Deputy Sheriff Joe Janz, who investigated the purported break-in, the window in Foust's office had been broken and the screen from the window was sitting intact on the ground outside of

6

the window.   In addition, "[t]he screen window sits inside a frame and the pull down pins to hold the screen were on the inside which made it appear that the screen had been removed from the inside."

21.     On September 19, 2014, two days after the purported break-in, COI, pursuant to its contractual rights under the MSA, and with Foust's written consent, visited the Platinum Express offices with representatives from Avansic, an e-discovery and digital forensics company hired by COI, to access Platinum Express's electronic devices and accounts.   At COI's request, Avansic prepared forensic images of the Platinum Express Devices (identified in Paragraph 5 above). Foust also gave Avansic written consent to take a Seagate external hard drive (Serial No. NA5JMNW3) for copying and examination.   Avansic documented its collection of the forensic images on chain of custody forms for each Platinum Express Device, which are attached as Exhibit 1 to this Affidavit.

22.     Avansic was unable to make images of other computers primarily used by Foust, because those devices had purportedly been stolen during the burglary on September 17, 2014.

23.     Trey Becton ("Becton"), a forensic analyst for Chesapeake Energy, was on the scene when Avansic prepared forensic images of the Platinum Express Devices.   Becton estimated that it took twelve hours for Avansic to complete the forensic images.

24.     Since collection of the forensic images of the Platinum Express Devices on September 19, 2014, until November 16, 2018, Avansic maintained custody of the images at its office, located at 15 East 5th Street, Suite 1800, Tulsa, Oklahoma 74103-4315. Chesapeake Energy paid Avansic for the storage of the original forensic images. Avansic maintained the Platinum Express Devices in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Platinum Express Devices first came into the

7

possession of Avansic and COI.

25.     On November 16, 2018, Avansic, with COI's consent, transferred custody of the

Platinum Express Devices to the FBI.

26.     Foust consented to the seizure and search of the Platinum Express Devices by COI

and its representatives.     Accordingly, Foust and Platinum Express may have no reasonable

expectation of privacy in the contents of those devices, and the United States may already have all

necessary authority to examine the Platinum Express Devices with COI's consent.     However, the

United States seeks this warrant to search the Platinum Express Devices out of an abundance of

caution to be certain that examination of the devices by the United States will comply with the

Fourth Amendment and all applicable laws.

<div align="center">Foust's Allegations Against Other Employees</div>

27.     On September 3, 2014, shortly after the submission of fraudulent invoices to COI

came to light, investigators for Chesapeake Energy interviewed Foust.     Foust told the

investigators that he used Oildex himself to submit invoices to COI on behalf of Platinum

Express.     He stated:

> I've had two or three people at different times do Oildex.   I do it now.   I do a lot
> of it myself.   I don't know.   That's what I talked to Colt about.   I said, if these
> are all on Oildex, then I'm gonna have to change the password and someone's
> gotten something that they shouldn't…. I'm probably not the best.   My
> password's sittin' on my computer, you know, on a sticky note. Oildex password.
> You know, it wasn't that big a deal.   I've had two or three different people I've
> had help me out at times. You know, tryin' to, you know a couple of them ain't
> there any more. But it just happens, you know, on the trucking side.

28.     Three years later, Foust denied taking an active role in the submission of invoices

via Oildex.   During a deposition on March 29, 2017, taken in *Chesapeake Operating, L.L.C. v.*

*Platinum Express, L.L.C. et al* (Washita County Case No. CJ-2016-37), Foust stated that other

Platinum Express employees used Oildex to submit invoices to COI.   He stated that Platinum

<div align="center">8</div>

Express only had one password, and that any employee who accessed Oildex used the same password.   In particular, Foust identified the following employees who may have submitted invoices to COI via Oildex:   Mae Foust (Justin's mother), Sharon Lucas, Barbara Gazeley, Alesia Garcia, and any other employee who may have been designated by Sharon Lucas.

29.   Justin Foust and Crystal Foust agreed to a voluntary interview with FBI and IRS-Criminal Investigations on October 29, 2014.   In that interview, Justin Foust accused other Platinum Express employees, including Danny Lucas and Sharon Lucas, of submitting false invoices to COI.   In particular, Foust stated that he had looked and found no evidence of false invoices on his own computer.   However, he stated that he located evidence of false invoices on the computer used by Platinum Express's general manager, Danny Lucas.   He provided agents with copies of false invoices purportedly printed from Danny Lucas's computer.

30.   Justin Foust and Crystal Foust accused Danny Lucas and Sharon Lucas of benefitting from the alleged fraud in multiple ways, including by giving themselves unauthorized pay raises through the company's third-party accountant, Rick Rainey, LLC, and through unauthorized use of Platinum Express credit cards and checks.   However, Justin Foust and Crystal Foust signed multiple paychecks for Danny Lucas and Sharon Lucas, suggesting that they were aware of and approved the Lucas's annual salaries.

### Chesapeake Energy's Examination of the Platinum Express Devices

31.   As part of its internal investigation into Platinum Express's submission of fraudulent invoices, Chesapeake Energy's Forensic Services Investigations team reviewed some of the computer images obtained by Avansic.   In particular, Chesapeake Energy's forensics team reviewed two computer images copied from computers used by Platinum Express employees Danny Lucas and Sharon Lucas, with the objective of determining whether their

9

computers were used to upload fraudulent invoices to Oildex.   The two computer images examined were:

| Item Number | Custodian | Device Description |
|---|---|---|
| 007 | Sharon Lucas | Toshiba satellite S/N:1C198514K Toshiba HDD S/N:Y1LLS7UXSN19ECA |
| 008 | Danny Lucas | HP pavilion S/N:MXU2240D91 Hitachi HDD S./n:JP294ON0282KZV |

32.    In an interview, Becton summarized the results of his forensic review of the computer images copied from computers assigned to Danny Lucas and Sharon Lucas.   He found that the computers used by Danny Lucas and Sharon Lucas had "PC Cleaning" software installed, which was set to run at regular intervals.   The cleaning software had last run on September 2, 2014.   Becton determined there was "no evidence to show either Lucas uploading information to Oildex."   However, around the time of the purported burglary, "there were indications that the Lucas' computers were used in some capacity dealing with Chesapeake invoices that were fraudulently billed."   In particular, on or about September 16, 2014, the evening before the alleged burglary, a removable device (S/N 1403033330012758) had been inserted into Sharon Lucas's computer and a file entitled "Chesapeake Invoices.xlsx" had been opened.   The next day, on or about September 17, 2014, the same removable device (S/N 1403033330012758) had been inserted into Danny Lucas's computer, and a document entitled "Platinum Express Invoices_1 last one.xlsx" was opened.   Chesapeake Energy's investigators reviewed that document, and it contained templates for Chesapeake Energy/COI invoices.   Chesapeake Energy's investigators confirmed that some of the invoices in that file were fraudulent invoices submitted to COI via Oildex.

33.    Trey Becton also conducted a cursory review of Computer 011, a personal computer belonging to Justin Foust that was kept at Foust's home.   Computer 011 showed

evidence of a USB device being inserted into the machine that accessed 2012 Chesapeake invoices.   Those invoices were last opened on October 22, 2013.

## BACKGROUND REGARDING COMPUTERS AND DIGITAL MEDIA

34.     Computers and computer technology have revolutionized the way in which financial information and transactions are processed.   Based on my knowledge, training, and the experience of other law enforcement agents assisting in this investigation, I know that individuals and entities maintain e-mails, text messages, books, records, receipts, notes, ledgers, invoices, bank records, money orders, and other documents relating to legitimate and illegal activity on their computers.   Moreover, I know that individuals and entities involved with financial matters often store their records on computers, and utilize such devices to conduct transactions and communicate. Such documents and digital file storage devices are generally maintained where a person has ready access to them in his or her place of business or home.

35.     *Probable Cause.* I submit that there is probable cause to believe records relevant to this investigation will be stored on the Platinum Express Devices, for at least the following reasons:

     a.   Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost.   Even when files have been deleted, they can be recovered months or years later using forensic tools.   This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

11

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.   In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it.   To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files.   Computer users typically do not erase or delete this evidence, because special software is typically required for that task.   However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

e. Based on actual inspection of other evidence related to this investigation, including spreadsheets, financial records, and invoices, I am aware that computer equipment was used to generate, store, and print documents used in the wire fraud scheme described herein.   The Platinum Express Devices currently located in the evidence room at the FBI Headquarters in Oklahoma City are forensic copies of the computers available to Platinum Express employees for generating such documents.

12

36.    *Forensic evidence.*   As further described in Attachment B, this application seeks

permission to locate not only computer files on the Platinum Express Devices that might serve as

direct evidence of the crimes described on the warrant, but also for forensic electronic evidence

that establishes how those computers or storage media were used, the purpose of their use, who

used them, and when. There is probable cause to believe that this forensic electronic evidence

will be on any of the Platinum Express Devices because:

a. Data on the storage medium can provide evidence of a file that was once on the

storage medium but has since been deleted or edited, or of a deleted portion of a

file (such as a paragraph that has been deleted from a word processing file).

Virtual memory paging systems can leave traces of information on the storage

medium that show what tasks and processes were recently active.   Web browsers,

e-mail programs, and chat programs store configuration information on the

storage medium that can reveal information such as online nicknames and

passwords.   Operating systems can record additional information, such as the

attachment of peripherals, the attachment of USB flash storage devices or other

external storage media, and the times the computer was in use. Computer file

systems can record information about the dates files were created and the

sequence in which they were created, although this information can later be

falsified.

b. As explained herein, information stored within a computer and other electronic

storage media may provide crucial evidence of the "who, what, why, when,

where, and how" of the criminal conduct under investigation, thus enabling the

United States to establish and prove each element or alternatively, to exclude the

innocent from further suspicion.   In my training and experience, information

stored within a computer or storage media (e.g., registry information,

communications, images and movies, transactional information, records of

session times and durations, internet history, and anti-virus, spyware, and

malware detection programs) can indicate who has used or controlled the

computer or storage media.   This "user attribution" evidence is analogous to the

search for "indicia of occupancy" while executing a search warrant at a residence.

The existence or absence of anti-virus, spyware, and malware detection programs

may indicate whether the computer was remotely accessed, thus inculpating or

exculpating the computer owner.   Further, computer and storage media activity

can indicate how and when the computer or storage media was accessed or used.

For example, as described herein, computers typically contain information that

logs: computer user account session times and durations, computer activity

associated with user accounts, electronic storage media that connected with the

computer, and the IP addresses through which the computer accessed networks

and the internet.   Such information allows investigators to understand the

chronological context of computer or electronic storage media access, use, and

events relating to the crime under investigation.   Additionally, some information

stored within a computer or electronic storage media may provide crucial

evidence relating to the physical location of other evidence and the suspect.   For

example, images stored on a computer may both show a particular location and

have geolocation information incorporated into its file data.   Such file data

typically also contains information indicating when the file or image was created.

14

The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera).   The geographic and timeline information described herein may either inculpate or exculpate the computer user.   Last, information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation.   For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c.  A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.   While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators.   Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.   For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

37.    *Nature of examination.*   Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Platinum Express Devices consistent with the warrant.   The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

38.    *Manner of execution.*   Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.   Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

39.    Appropriate efforts shall be made to minimize the disclosure of records or other items of information outside the scope of this warrant, including the tax information of individuals and entities not identified in this warrant. The search of electronic data contained in the digital media equipment, whether performed on-site or in a laboratory or other controlled environment, may include, but is not limited to, the following techniques:

a. opening and conducting a cursory review of data storage areas to determine whether their content falls within the scope of the warrant;

b. scanning storage areas to discover and possibly recover deleted data;

16

c.   scanning storage areas for hidden data; and

d.   using a list of search terms that contain words or strings of characters related to the subject matter of the investigation to search data storage areas, including file directories and individual files to identify files of potential evidentiary value. Case agents will review those files, or data storage areas, containing search terms and will assess their evidentiary value.

## CONCLUSION

40.     Based on the internal investigation conducted by COI, and based upon the admissions of Justin Foust regarding the electronic submission of false invoices to COI from Platinum Express, there is probable cause to believe that the crime of wire fraud, in violation of 18 U.S.C. § 1343, has been committed. In addition, because the alleged wire fraud involved the use of a means of identification of another—namely, the name and employee identification numbers of COI foremen—knowingly and without lawful authority, there is probable cause to believe the crime of aggravated identity theft, in violation of 18 U.S.C. § 1028A, has been committed.   In addition, because the submission of fraudulent invoices to COI via Oildex required a computer to electronically upload PDF images of invoices, coversheets and other required documentation, there is probable cause to believe that the Platinum Express Devices discussed herein and located in the evidence room of the FBI's Headquarters in Oklahoma City, contain or may contain evidence of such crimes.

41.     Based upon the foregoing, I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Platinum Express Devices described in

17

Attachment A to seek the items described in Attachment B.

David Cole
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me this **19th** day of November, 2018.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

18

## **EXHIBIT 1**

### **AVANSIC CHAIN OF CUSTODY FORMS**



*[handwritten note on sticky: Chain of Custody Platinum Avansic]*

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER**
CHK - Platinum - 001.

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
Josh Miller
Sr. Security Investigator
Chesapeake Energy

**3. LOCATION AND ADDRESS WHERE RECEIVED**
Platinum Express
30837 Highway 66
Canute OK.

**4. PHONE OF RELEASER**
405 - 935 · 3610

**5. DESCRIPTION OF RECEIVING LOCATION**
Office

**6. RELEASED BY MEANS OF**
☐ OWNERSHIP   ☐ DISCOVERY   ☐ COURT ORDER   ☐ OTHER

| 7. CONTAINER EVIDENCE ITEM NUMBER | 8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC] |
|---|---|
| 001 | Dell Desktop Inspiron <br> S/T: 3HZYPL1   Express Service Code: 7618678021 |

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Pusher - Desktop

**10. SUBITEM COUNT**
☐ SINGLE   ☐ MULTI

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS)  USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| | 5VP45YEB | TD2 | VCC3FPT7137P |

| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
|---|---|---|---|
| 1 TB | Seagate | | / |

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| | | | |

| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
|---|---|---|---|
| | | | / |

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| | | | |

| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
|---|---|---|---|
| | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**
*Josh Mill*

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
9:30 AM   9-19-2014

**14. NAME & ORGANIZATION OF RECIPIENT**
George Patterson   Avansic

**15. SIGNATURE OF RECIPIENT**
George Patterson

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-19-14 | NAME <br> Jason Riselig | NAME <br> Josh Miller | Return |
| | ORGANIZATION <br> Avansic | ORGANIZATION <br> Chesapeake | |
| | SIGNATURE | SIGNATURE <br> Josh Mill | |

VERSION 3.2 081911          PAGE 1 OF 2          CHAIN OF CUSTODY FORM

FOUST_014054
Exhibit 1.1

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER**

CHK - PLATINUM - 001

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**

Josh Miller
Security Investigator
Chesapeake Energy

**3. LOCATION AND ADDRESS WHERE RECEIVED**

20835 Hwy 66
Canute OK 73026

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**

Office

**6. RELEASED BY MEANS OF**
☐ OWNERSHIP  ☐ DISCOVERY  ☐ COURT ORDER  ☐ OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER**

002

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]**

HP 2000 Notebook PC        Pusher
SN# 5CG3172JLJ

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**

Pusher

☐ SINGLE  ☐ MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) I [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| 002 | 130323TE8517490PGUVL | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) I [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 500 | HGST 5400Rpm  Z5K500-500 | | / |
| ITEM NUM | (SERIAL NUMBER) I [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) I [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | / |
| ITEM NUM | (SERIAL NUMBER) I [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) I [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**

*[signature]*

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**

9:30am     9-9-14

**14. NAME & ORGANIZATION OF RECIPIENT**

Jason Roselin  Avansic

**15. SIGNATURE OF RECIPIENT**

*[signature]*

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-19-14 | NAME  Jason Roselin | NAME  Josh Miller | Return |
| | ORGANIZATION  Avansic | ORGANIZATION  Chesapeake | |
| | SIGNATURE  *[signature]* | SIGNATURE  *[signature]* | |

VERSION 3.2 081911          PAGE 1 OF 2          CHAIN OF CUSTODY FORM

FOUST_014055

Exhibit 1.2

DC

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER**
CHK - Platinum - 001

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
Josh Miller
Security Investigator
Chesapeake Energy

**3. LOCATION AND ADDRESS WHERE RECEIVED**
Platinum Express
~~OTC 5L~~ 20835

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
office

**6. RELEASED BY MEANS OF**
☐ OWNERSHIP   ☐ DISCOVERY   ☐ COURT ORDER   ☐ OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER**
003

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]**
HP Laptop    Model: 2000-2b19wm
S/N: 5CG33461M6

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
~~Robbie~~ Laptop (Lobby)    ☐ SINGLE   ☐ MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|---|
| | 1307 07TMB4142 GQDGXM5 | | TDI | WCC35F692651 |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| 320 | HGST P/N: H2T32085457 | | | / |
| **ITEM NUM** | **(SERIAL NUMBER) | [CUSTODIAN FOR MULTI]** | **IMG METHOD** | **INITIAL DESTINATION SERIAL** |
| | | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | | / |
| **ITEM NUM** | **(SERIAL NUMBER) | [CUSTODIAN FOR MULTI]** | **IMG METHOD** | **INITIAL DESTINATION SERIAL** |
| | | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**
*[signature]*

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
9:30 Am    9-19-2014

**14. NAME & ORGANIZATION OF RECIPIENT**
George Patterson    Avansic

**15. SIGNATURE OF RECIPIENT**
George Patterson

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-19-14 | **NAME** Jason Roseling | **NAME** Josh Miller | Return |
| | **ORGANIZATION** Avansic | **ORGANIZATION** Chesapeake | |
| | **SIGNATURE** *[signature]* | **SIGNATURE** *[signature]* | |

VERSION 3.2 081911          PAGE 1 OF 2          CHAIN OF CUSTODY FORM

FOUST_014056
Exhibit 1.3

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER**
CHK - Platinum - 001

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
JOSH MILLER
SECURITY INVESTIGATOR
CHESAPEAKE ENERGY

**3. LOCATION AND ADDRESS WHERE RECEIVED**
20835 Hwy 66
Canute OK 73026

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
Office

**6. RELEASED BY MEANS OF**
☐ OWNERSHIP   ☐ DISCOVERY   ☐ COURT ORDER   ☐ OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER**
004

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]**
Toshiba Satellite C855-5521Y
SN# 5C1494299Q

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Charlotte Howard
☐ SINGLE   ☐ MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|---|
| 004 | 32MHS2BHS | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC,) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| 640 | Toshiba   MK6475GSX | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**
*[signature]*
SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
9:30      9-19-14

**14. NAME & ORGANIZATION OF RECIPIENT**
Jason Riseling   Avansic

**15. SIGNATURE OF RECIPIENT**
*[signature]*

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-19-14 | NAME   Jason Riseling | NAME   Josh Miller | Return |
| | ORGANIZATION   Avansic | ORGANIZATION   CHESAPEAKE | |
| | SIGNATURE   *[signature]* | SIGNATURE   *[signature]* | |

VERSION 3.2 081911          PAGE 1 OF 2          CHAIN OF CUSTODY FORM

FOUST_014057
Exhibit 1.4

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

| **1. CASE NUMBER** |
|---|
| CHK — Platinum-001 |

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**

Josh Miller
Chesapeake Energy
Security Investigator

**3. LOCATION AND ADDRESS WHERE RECEIVED**

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
Office

**6. RELEASED BY MEANS OF**
☐OWNERSHIP   ☐DISCOVERY   ☐COURT ORDER   ☐OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER**

005

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]**

Gateway desktop    SX2110G-UW24
S/N: DTGEPAA003320045C33000

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Mechanic's Office     ☐ SINGLE   ☐MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS** (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|---|
| | W2ATMDGQ | | Image | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| 500 | Seagate | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**

*[signature]*

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
9:30   09-19-2014

**14. NAME & ORGANIZATION OF RECIPIENT**
George Patterson    Avansic

**15. SIGNATURE OF RECIPIENT**
George Patterson

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-19-14 | NAME Jason Riseling | NAME Josh Miller | Return |
| | ORGANIZATION Avansic | ORGANIZATION Chesapeake | |
| | SIGNATURE *[signature]* | SIGNATURE *[signature]* | |

VERSION 3.2 081911          PAGE 1 OF 2          CHAIN OF CUSTODY FORM

FOUST_014058
Exhibit 1.5

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER**
CHK - Platinum - 001

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
Josh Miller
Security Investigator
Chesapeake Energy

**3. LOCATION AND ADDRESS WHERE RECEIVED**
26835   Hwy 66
Canute  OK 73026

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
office

**6. RELEASED BY MEANS OF**
☐OWNERSHIP   ☐DISCOVERY   ☐COURT ORDER   ☐OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER**
OOC6

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]**
Gateway Desktop   SX2185 - UB37
S/N: DTGELAA0034207391300O

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Justin Foust

**10. SUBITEM COUNT**
☐ SINGLE   ☐MULTI

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (018-A, 018-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| | W2AYR3P7 | Image | |
| **SIZE (GB)** | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 500 | Sea Gate | | / |
| **ITEM NUM** | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| **SIZE (GB)** | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | / |
| **ITEM NUM** | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| **SIZE (GB)** | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**
*[signature]*

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
9:30 AM  09-19-2014

**14. NAME & ORGANIZATION OF RECIPIENT**
George Patterson   Avansic

**15. SIGNATURE OF RECIPIENT**
George Patterson

## 16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 4-19-14 | **NAME** Jason Riselip | **NAME** Josh Miller | Return |
| | **ORGANIZATION** Avansic | **ORGANIZATION** Chesapeake | |
| | **SIGNATURE** *[signature]* | **SIGNATURE** *[signature]* | |

VERSION 3.2 081911        PAGE 1 OF 2        CHAIN OF CUSTODY FORM

FOUST_014059
Exhibit 1.6

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER**
CHK — Platinum —001

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
Josh Miller
Security Investigator
Chesapeake Energy

**3. LOCATION AND ADDRESS WHERE RECEIVED**
20835 Hwy 66
Canute OK 73026

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
Office

**6. RELEASED BY MEANS OF**
☐ OWNERSHIP  ☐ DISCOVERY  ☐ COURT ORDER  ☐ OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER**
007

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]**
Toshiba Surellite P755 S5120
SN#1C1985/4K

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Sharon Lucas
☐ SINGLE  ☐ MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS: [USE BACK FOR ADDITIONAL SUBITEMS, USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|---|
| 007 | YILL57UXSN19EC.A | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 750 | Toshiba | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**
*[signature]*

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
1:30   9-19-14

**14. NAME & ORGANIZATION OF RECIPIENT**
Jason Riseling  Avansic

**15. SIGNATURE OF RECIPIENT**
*[signature]*

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-19-14 | **NAME** Jason Riseling | **NAME** Josh Miller | Return |
| | **ORGANIZATION** Avansic | **ORGANIZATION** Chesapeake | |
| | **SIGNATURE** *[signature]* | **SIGNATURE** *[signature]* | |

VERSION 3.2 081911          PAGE 1 OF 2          CHAIN OF CUSTODY FORM

FOUST_014060
Exhibit 1.7

## CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER**
CHK-Platinum-001

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
Josh Miller
Security Investigator
Chesapeake Energy

**3. LOCATION AND ADDRESS WHERE RECEIVED**
20835 Highway 66
Canute OK
73626

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
Office

**6. RELEASED BY MEANS OF**
☐OWNERSHIP  ☐DISCOVERY  ☐COURT ORDER  ☐OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER**
008

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]**
HP Pavilion P2 1123w

Sn# MXU2240D91

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Danny Lucas
☐ SINGLE  ☐ MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS (USE BACK FOR ADDITIONAL SUBITEMS). USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|---|
| 008 | JP94 ON0282 KZV | | TD1 | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 1 TB | Hitachi | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**
Josh Mill

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
9:30   09-10-2014

**14. NAME & ORGANIZATION OF RECIPIENT**
George Patterson   Avansic

**15. SIGNATURE OF RECIPIENT**
George Patterson

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-10-2014 | NAME George Patterson | NAME Josh Miller | Return |
| | ORGANIZATION Avansic | ORGANIZATION Chesapeake | |
| | SIGNATURE George Patterson | SIGNATURE Josh Mill | |

VERSION 3.2 081911          PAGE 1 OF 2          CHAIN OF CUSTODY FORM

FOUST_014061
Exhibit 1.8

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

| 1. CASE NUMBER |
| --- |
| CHK - Platinum - 001 |

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
JOSH MILLER
SECURITY INVESTIGATOR
CHESAPEAKE ENERGY

**3. LOCATION AND ADDRESS WHERE RECEIVED**
20835 Hwy 66
Canute OK 73026

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
Office

**6. RELEASED BY MEANS OF**
☐ OWNERSHIP   ☐ DISCOVERY   ☐ COURT ORDER   ☐ OTHER

| 7. CONTAINER EVIDENCE ITEM NUMBER | 8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC] |
| --- | --- |
| 009 | HP Desktop  S/N: MXX2390VJ6 |

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Don Green

**10. SUBITEM COUNT**   ☐ SINGLE   ☐ MULTI

**11. SUBITEMS (USE BACK FOR ADDITIONAL SUBITEMS)   USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| --- | --- | --- | --- | --- |
| | 6VPKT9AX | | TD3 | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.,) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| 1 TB | Seagate HDD | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**
J.L Mill

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
9:30 AM   09-19-2014

**14. NAME & ORGANIZATION OF RECIPIENT**
George Patterson   Avansic

**15. SIGNATURE OF RECIPIENT**
George Patterson

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
| --- | --- | --- | --- |
| 9-19-14 | NAME  Jason Risling | NAME  Josh Miller | Return |
| | ORGANIZATION  Avansic | ORGANIZATION  Chesapeake | |
| | SIGNATURE | SIGNATURE | |

VERSION 3.2 081911          PAGE 1 OF 2          CHAIN OF CUSTODY FORM

FOUST_014062
Exhibit 1.9

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER**
CHK - Platinum - 001

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
JOSH MILLER
SECURITY INVESTIGATOR
CHESAPEAKE ENERGY

**3. LOCATION AND ADDRESS WHERE RECEIVED**
20835 Hwy 66
Cconute OK 73026

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
Office

**6. RELEASED BY MEANS OF**
☐OWNERSHIP   ☐DISCOVERY   ☐COURT ORDER   ☐OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER**
010

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]**
HP  2000 Laptop
SN# 5CG349422H

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Ryan Morgan
☐ SINGLE   ☐ MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| 010 | 131122M M84 133THN731H | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| 320 | HGST  25K500-320 | | / |
| **ITEM NUM** | **(SERIAL NUMBER) | [CUSTODIAN FOR MULTI]** | **IMG METHOD** | **INITIAL DESTINATION SERIAL** |
| | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | / |
| **ITEM NUM** | **(SERIAL NUMBER) | [CUSTODIAN FOR MULTI]** | **IMG METHOD** | **INITIAL DESTINATION SERIAL** |
| | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
2:30      9-19-14

**14. NAME & ORGANIZATION OF RECIPIENT**
Jason  Avansie

**15. SIGNATURE OF RECIPIENT**

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-19-14 | NAME Jason Rizolin | NAME JOSH MILLER | Return |
| | ORGANIZATION Avansic | ORGANIZATION CHESAPEAKE | |
| | SIGNATURE | SIGNATURE | |

VERSION 3.2 081911         PAGE 1 OF 2         CHAIN OF CUSTODY FORM

FOUST_014063

Exhibit 1.10

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

| | |
|---|---|
| **1. CASE NUMBER** CHK–Platinum–001 | |

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
Josh Miller
Security Investigator
Chesapeake Energy

**3. LOCATION AND ADDRESS WHERE RECEIVED**
20835 Hwy 66
Canute OK 73026

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
Office

**6. RELEASED BY MEANS OF**
☐ OWNERSHIP   ☐ DISCOVERY   ☐ COURT ORDER   ☐ OTHER

| 7. CONTAINER EVIDENCE ITEM NUMBER | 8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC] |
|---|---|
| 011 | HP Laptop S/N: 5CB2164238 |

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Juston Foust — Personal
☐ SINGLE   ☐ MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| | 52WECFS9 | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| 500 | Seagate HDD 9YH134-022 | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | / |
| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**
*(signature)*
SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
2:30 PM   09-19-2014

**14. NAME & ORGANIZATION OF RECIPIENT**
George Patterson   Avansic

**15. SIGNATURE OF RECIPIENT**
George Patterson

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-19-14 | **NAME** Jason Riseley | **NAME** Josh Miller | Return |
| | **ORGANIZATION** Avansic | **ORGANIZATION** Chesapeake | |
| | **SIGNATURE** *(signature)* | **SIGNATURE** *(signature)* | |

VERSION 3.2 081911          PAGE 1 OF 2          CHAIN OF CUSTODY FORM

# CHAIN OF CUSTODY DOCUMENT
[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER**
CHK - Platinum - 001

**2. NAME, TITLE, & ORGANIZATION OF RELEASER**
Josh Miller

**3. LOCATION AND ADDRESS WHERE RECEIVED**
20835 Hwy 66
Canute OK 73026

**4. PHONE OF RELEASER**

**5. DESCRIPTION OF RECEIVING LOCATION**
office

**6. RELEASED BY MEANS OF**
☐ OWNERSHIP   ☐ DISCOVERY   ☐ COURT ORDER   ☐ OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER**
012

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]**
Dell Inspiron 560
ST# 432DKQ1

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]**
Ryan Morgan
☐ SINGLE   ☐ MULTI

**10. SUBITEM COUNT**

**11. SUBITEMS (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) | [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|---|
| 012 | 9UPCRNMV | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| 1 TB | Seagate Barracuda  ST 3100052AS | | | / |
| **ITEM NUM** | **(SERIAL NUMBER) | [CUSTODIAN FOR MULTI]** | **IMG METHOD** | **INITIAL DESTINATION SERIAL** |
| | | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | | / |
| **ITEM NUM** | **(SERIAL NUMBER) | [CUSTODIAN FOR MULTI]** | **IMG METHOD** | **INITIAL DESTINATION SERIAL** |
| | | | | |
| **SIZE (GB)** | **(TYPE, MODEL, DESCRIPTION, MARKS, ETC.) | [FILENAME]** | **IMG SIZE (GB)** | **5 CHAR OF MD5 / SHA1** |
| | | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION)**
*[signature]*

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED**
3:00   9-19-14

**14. NAME & ORGANIZATION OF RECIPIENT**
Jason Riseling   Avansic

**15. SIGNATURE OF RECIPIENT**
*[signature]*

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| 9-19-14 | NAME Jason Riseling | NAME Josh Miller | Return |
| | ORGANIZATION Avansic | ORGANIZATION Chesapeake | |
| | SIGNATURE *[signature]* | SIGNATURE *[signature]* | |

VERSION 3.2 081911                    PAGE 1 OF 2                    CHAIN OF CUSTODY FORM

Exhibit 1.12

# CHAIN OF CUSTODY DOCUMENT

[PRINT LEGIBLY AND USE BLACK OR BLUE INK]

**1. CASE NUMBER:** CHK - Platinum

**2. NAME, TITLE, & ORGANIZATION OF RELEASER:**
Josh Miller
Security Investigator
Chesapeake Energy

**3. LOCATION AND ADDRESS WHERE RECEIVED:**
20835 Hwy 66
Canute OK 73026

**4. PHONE OF RELEASER:**

**5. DESCRIPTION OF RECEIVING LOCATION:** Office

**6. RELEASED BY MEANS OF**
☐OWNERSHIP ☐DISCOVERY ☐ COURT ORDER ☐OTHER

**7. CONTAINER EVIDENCE ITEM NUMBER:** 013

**8. CONTAINER DESCRIPTION, MODEL NUMBER, SER. NO., IDENTIFYING MARKS, CONDITION, TYPE [DESKTOP, LAPTOP, SERVER, HDD, CD, TAPE, ETC]:**
Seagate Backup Plus External HDD 2TB
SN#NA5JMNW3
10070658S

**9. DEFAULT CUSTODIAN (PRIMARY USER OF CONTAINER) OR [MULTI CUSTODIAN]:** Don Green
☐ SINGLE ☐MULTI

**10. SUBITEM COUNT:**

**11. SUBITEMS: (USE BACK FOR ADDITIONAL SUBITEMS) USE EVIDENCE NUMBER DASH LETTER (013-A, 013-B, ETC.)**

| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
|---|---|---|---|
| | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | / |
| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | / |
| ITEM NUM | (SERIAL NUMBER) \| [CUSTODIAN FOR MULTI] | IMG METHOD | INITIAL DESTINATION SERIAL |
| | | | |
| SIZE (GB) | (TYPE, MODEL, DESCRIPTION, MARKS, ETC.) \| [FILENAME] | IMG SIZE (GB) | 5 CHAR OF MD5 / SHA1 |
| | | | / |

**12. SIGNATURE OF RELEASER (VERIFY IDENTIFICATION):** [signature]

SIGNATURE CERTIFIES AUTHORITY TO RELEASE THE ABOVE TO RECIPIENT

**13. TIME/DATE RELEASED:** 4:30pm 9/19/14

**14. NAME & ORGANIZATION OF RECIPIENT:** Jason Riseling Avansic

**15. SIGNATURE OF RECIPIENT:** [signature]

**16. CHAIN OF CUSTODY (FOR USE AFTER INITIAL TRANSFER)**

| DATE AND TIME | RELEASED BY | RECEIVED BY | ACTIVITY |
|---|---|---|---|
| [initials] | NAME | NAME | Return |
| | ORGANIZATION | ORGANIZATION | |
| | SIGNATURE | SIGNATURE | |

VERSION 3.2 081911 | PAGE 1 OF 2 | CHAIN OF CUSTODY FORM

FOUST_014066

Exhibit 1.13

**ATTACHMENT A**

**PROPERTY TO BE SEARCHED**

The property to be searched is the Platinum Express Devices, which are forensic images

of the devices identified in the chart below:

| Device Number | Custodian/Location | Device Description |
|---|---|---|
| 001 | Pusher | Dell desktop S/N:3HZYPL1 Seagate HDD S/N:5VP4JYEB |
| 002 | Pusher | HP 2000 notebook S/N:5LG3172JLJ HGST HDD S/N:130323TE851749OPGUUL |
| 003 | Lobby | HP laptop S/N:5CG33461M6 HGST HDD S/N:130707TM8414ZG0DGAMS |
| 004 | Charlotte Howard | Toshiba satellite S/N:5C149429Q Toshiba HDD S/N:32MHSZBHS |
| 005 | Mechanic Office | Gateway desktop S/N:DTGEPAA003320045C23000 Seagate S/N:W2ATMDGQ |
| 006 | Justin Foust | Gateway desktop S/N:DTGELAA001342073913000 Seagate HDD S/N:W2AYR3P7 |
| 007 | Sharon Lucas | Toshiba satellite S/N:1C198514K Toshiba HDD S/N:Y1LLS7UXSN19ECA |
| 008 | Danny Lucas | HP pavilion S/N:MXU2240D91 Hitachi HDD S./n:JP294ON0282KZV |
| 009 | Don Green | HP desktop S/N:MXX2390VS6 Seagate HDD S/N:6VPKT9AX |
| 010 | Ryan Morgan | HP 2000 laptop S/N:5CG349422H HGST HDD S/N:131122TM84133THN731H |
| 011 | Justin Foust – Personal | HP laptop S/N:5CB2164Z3P Seagate HDD S/N:S2WGCFS9 |
| 012 | Ryan Morgan | Dell Inspiron 560 ST:432ZDKQ1 Seagate HDD S/N:9VPCRNMV |
| 013 | Don Green | Seagate backup external HDD S/N: NA5JMNW3 |

The Platinum Express Devices are currently located in the evidence room at the FBI

Headquarters in Oklahoma City, located at 3301 West Memorial Road, Oklahoma City,

Oklahoma 73134.

This warrant authorizes the forensic examination of the Platinum Express Devices for the

purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT B

1.  All records contained on the Platinum Express Devices, described in Attachment A, that relate to violations of 18 U.S.C. § 1343 and 18 U.S.C. § 1028A by Platinum Express and Platinum Express employees and occurring after August 1, 2012, including:

    a.  Records and information relating to Platinum Express's use of Oildex;

    b.  Records and information relating to Platinum Express invoices issued to COI and Chesapeake Energy;

    c.  Records and information relating to payments made by COI and Chesapeake Energy to Platinum Express;

    d.  Records and information relating to services performed by Platinum Express for COI and Chesapeake Energy;

    e.  Records and information relating to Platinum Express payroll;

    f.  Records and information related to the authorized or unauthorized use of Platinum Express credit cards;

    g.  Records and information relating to the purported break-in of the Platinum Express office on or about September 17, 2017; and

    h.  Records and information relating to Platinum Express surveillance cameras.

2.  Evidence of user attribution showing who used or owned the Platinum Express Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.  Records evidencing the use of the Internet to communicate with Oildex, including:

    a.  records of Internet Protocol addresses used; and

<div align="center">21</div>



b.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

22

